THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND HOBOKEN DOCK COMPANY, A BODY CORPORATE, DEFENDANTS.

Submitted January 21, 1941—Decided July 25, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *John J. Fallon* (*Frank P. McCarthy,* of counsel).

For the defendant Hoboken Dock Company, *Peter Bentley* (*Herbert Clark Gilson,* of counsel).

The opinion of the court was delivered by

HEHER, J. Concededly, the State Board of Tax Appeals erred in not including in the assessable tangible property cash on hand in the sum of $9,524.36. Chapter 165 of the Laws of 1933 (*Pamph. L., p.* 346) does not warrant the claimed exemption. *City of Newark* v. *State Board of Tax Appeals,* 118 *N. J. L.* 131.

The remaining question is whether the defendant corporation is entitled, under *R. S.* 1937, 54:4-14, to a deduction of $65,000, as an outstanding obligation for moneys loaned to it

by the First National Bank of Jersey City, and secured by treasury discount bills issued by the United States, for which exemption from taxation was claimed and allowed. The issue was submitted to the State Tax Board on a stipulation of facts; and the conclusion was that there was no factual basis to the allegation that "the debt was incurred for the purpose of reducing respondent's taxes," and that, even if there were, there was no indication of bad faith "in the incurring of the debt * * * or in the purchase of the treasury bills," and the case of *City of Hoboken* v. *State Board of Taxes and Assessments,* 107 *N. J. L.* 35; *affirmed,* 108 *Id.* 195, *was controlling.*

There is a preliminary procedural question presented for consideration. Depositions were permissible under the *allocatur;* and prosecutor adduced evidence on the issue thus arising. The property owner maintains that the taxing district should not now be heard on "the issue of an alleged fraud when that issue was not raised" below. The point is untenable.

The validity of the claimed deduction was mooted before the State Board, and decided; and, under *R. S.* 1937, 2:81-8, prosecutor was at liberty to adduce evidence here bearing upon that question. And it is now the duty of this court to make its own independent findings of fact upon all the evidence, and to adjudge accordingly. The statutory scheme plainly permits a full development of the facts in this court and a determination in consonance therewith, regardless of what has been done below. *Royal Manufacturing Co.* v. *Rahway,* 75 *N. J. L.* 416; *Central Railroad Co.* v. *State Tax Department,* 112 *Id.* 5, 15; *Atlantic City* v. *State Board of Tax Appeals,* 123 *Id.* 464.

This brings us to the consideration of the substantive question; and on this prosecutor is entitled to prevail. These are the undisputed facts: The assessment date was October 1st, 1937. On the prior September 20th, when the Dock Company had a bank deposit of $14,000, it procured the loan of $65,000 from the named bank on its promissory note payable December 20th, 1937, with interest at the rate of $1\frac{1}{2}\%$ per annum, and immediately devoted the proceeds to the pur-

chase, through the bank, of United States treasury bills in the principal sum of $75,000, maturing on December 1st, 1937, which were retained by the bank as security for the note. The purchase price was $74,965.98, or $39.02 less than their redeemable value. The Dock Company did not have actual possession of these securities at any time. The note was satisfied by these payments: November 18th, 1937, $10,000; December 1st, 1937, $55,233.13, including interest of $246.46. On December 1st, 1937, the due date, the treasury bills were forwarded by the bank to the Federal Reserve Bank for redemption, and the proceeds were credited to the Dock Company's account. Thus it is that the transaction itself resulted in a loss to the Dock Company. There were no brokerage fees or commissions paid by it either for the purchase or the sale of these securities. No other "bonds or stocks or treasury notes or governmental bonds, or securities" were purchased or sold by the Dock Company during 1937. It was engaged, as its name implies, in the shipping, docking, wharfage and warehouse business. The treasury bills were tax exempt, and, as stated, the exemption was claimed.

Seeming to concede that its motive was the "reduction" of the "assessment which might be levied against its personal property" (none other is suggested), the Dock Company insists that in the course thus taken it was exercising its right under the statute, and that the "position which" it "occupies, and the right which" it "had to the exemption and deduction, springs from the statute and doing the thing which was authorized cannot make it a fraudulent doer." Reliance is placed on the case of *City of Hoboken* v. *State Board of Taxes and Assessments, supra.*

But that case is not appropos. There, the Hoboken Bank for Savings, which bought and sold such securities in the conduct of its ordinary business, purchased $400,000 of tax exempt United States bonds prior to the assessment date, and sold them shortly thereafter; and the holding was that the taxing district had not sustained the burden of establishing that the "actual moneys in hand and taxable * * * did not truly represent the sum available for taxation by reason of some fraudulent device or manipulation, whereby the

moneys were for that purpose converted into non-taxable securities," and that, "as an abstract proposition of law * * *, the exercise of a legal right by the conversion of taxable property into that which is non-taxable, even for the purpose of avoiding the tax, where the conversion is in good faith, and complete without reservation, would not subject either the non-taxable property thus purchased to taxation, or create a fiction whereby such property should be regarded as resolved into the purchase price with which it was bought for purposes of taxation * * *."

Such is not the case here. There was, as regards the money borrowed, no direct conversion of taxable into non-taxable property. Rather, it was the creation of a deductible debt for the purpose of offsetting taxable intangibles (which could be accomplished only by the conversion of the proceeds into tax-exempt property); and the statute expressly excludes from the category of deductible obligations a debt "incurred for the purpose of reducing the taxes of the claimant." *R. S.* 1937, 54:4-14. The particular obligation plainly takes that classification; and we find such to be the fact. None other is admissible.

The determination of the State Board of Tax Appeals is accordingly reversed, and judgment may be entered in conformity with this opinion.